**PROUVOST LEFEBVRE OF RHODE ISLAND, Inc., v. UNITED STATES et al.**

No. 1737.

District Court, D. Rhode Island.

April 23, 1945.

Edward Winsor (of Edwards & Angell), of Providence, R. I., for libellant.

George F. Troy, U. S. Atty., of Providence, R. I., for respondent.

HARTIGAN, District Judge.

This matter was heard on respondent's exceptions.

The libel in this case alleges that the libellant was the owner of certain bales of wool which were delivered on board the steamship Mount Vernon at Sydney, Australia, for transportation to San Francisco under an order bill of lading and that certain of this wool was delivered to San Francisco in a damaged condition.

The libel further alleges that the Mount Vernon was owned by the respondent, United States of America, and was being operated "either as a merchant vessel or as a public vessel."

The libel is instituted pursuant to and by virtue of the authority given in the Act of March 9, 1920, Chapter 95, 41 Stat. 525, 46 U.S.C.A. §§ 741–752, commonly called the Suits in Admiralty Act, and in the Act of March 3, 1925, Chapter 428, 43 Stat. 1112, 46 U.S.C.A. §§ 781–790, commonly called the Public Vessels Act.

43 Stat. 1112, Section 1, 46 U.S.C.A. § 781, provides: "That a libel in personam in admiralty may be brought against the United States, * * * for damages caused by a public vessel of the United States, and for compensation for towage and salvage services, including contract salvage, rendered to a public vessel of the United States. * * *"

The respondent excepts to the libel on the ground "that the Steamship 'Mount Vernon' was at all relevant times a United States Navy Transport * * *, and was a

public vessel of the United States, and that the United States has not consented, by the Public Vessels Act of 1925, 46 U.S.C.A. §§ 781–787, to be sued in respect of cargo carried in such vessel."

The libellant concedes that the Mount Vernon was a public vessel.

In Canadian Aviator, Limited, v. United States, 324 U.S. 215, 65 S.Ct. 639, 646 (decided February 26, 1945), the court said: "Since we hold that the Public Vessels Act was intended to impose on the United States the same liability (apart from seizure or arrest under a libel) as is imposed by the admiralty law on the private shipowner, it remains to be considered whether petitioner states a valid cause of action under general principles of admiralty law. * * *"

The opinion in the case of Canadian Aviator, Limited, v. United States, supra, leads me to the conclusion that there is no merit in the respondent's exceptions and they, therefore, are accordingly overruled.